UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| **BRIAN PITTMAN, Individually and on behalf of all those similarly situated** c/o Minnillo & Jenkins Co., LPA 2712 Observatory Avenue Cincinnati, Ohio 45208 | : : : : : : | **CASE NO:** **JUDGE:** |
| **Plaintiff,** | : : | |
| vs. | : : | |
| **ROGERS PAVEMENT MAINTENANCE, INC.** c/o Doug Rogers, R/A 11061 Deerfield Road Cincinnati, Ohio 45242 | : : : : : : | **CLASS ACTION COMPLAINT** **(WITH JURY DEMAND)** |
| AND | : : | |
| **DOUG ROGERS** 4025 Deer Park Avenue Deer Park, Ohio 45236 | : : : : | |
| AND | : : | |
| **RICHARD ROGERS** 11061 Deerfield Road Cincinnati, Ohio 45242 | : : : : | |
| **Defendants.** | : | |

Now comes plaintiff Brian Pittman, and for his Complaint against defendants Rogers Pavement Maintenance, Inc., Doug Rogers and Richard Rogers ("defendants") states as follows:

## I. PRELIMINARY STATEMENT

1. Plaintiff, a non-exempt former employee of defendants, brings this action against defendants because he was unlawfully denied overtime compensation for hours worked in defendants' paving business in violation of the Fair Labor Standards Act ("FLSA").

2. Upon information and belief, from approximately August 2015 through November 2017, defendants falsified hours worked when computing payroll by reporting the minute portion of hours worked as a decimal. This resulted in, for example, an employee who worked 8 hours and 30 minutes (i.e., 8:30) being paid for 8.3 hours rather than 8.5 hours. Upon information and belief, this practice was ongoing and applied to all hourly employees until approximately November 2017 when defendants discontinued it without disclosing the violation or making corrective payments to affected current and former employees.

3. Defendants' conduct violated the FLSA, 29 U.S.C. § 201 et seq., Title 29 of the Code of Federal Regulations, and Ohio Revised Code § 4111.03. Redress sought by plaintiff includes unpaid overtime pay for the three (3) years preceding the filing of this action, liquidated damages in an equal amount, declaratory and injunctive relief, and reasonable attorneys' fees and costs.

## II. JURISDICTION AND VENUE

4. Jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 215. Federal jurisdiction is invoked in this instance to secure protection of and to redress deprivations of rights under the statutes of the United States, specifically including the FLSA, 29 U.S.C. § 201, et seq.

5. Plaintiff seeks an exercise of this Court's Supplemental Jurisdiction as to the Ohio State law claims under 28 U.S.C § 1367.

6. Venue is appropriate because the actions complained of by the plaintiff occurred within the Western Division of the Southern District of Ohio.

### III. PARTIES

7. Plaintiff Brian Pittman is a citizen of the United States who resides in Hamilton County, Ohio. Plaintiff Pittman was employed by defendants from 2015 through 2017. Plaintiff has signed a consent to participate in this action in accordance with 29 U.S.C. § 216(b) which is attached as Exhibit A.

8. Defendant Rogers Pavement is a for-profit Ohio Corporation first registered with the Ohio Secretary of State in 1996. Rogers Pavement is an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r). Rogers Pavement is an employer under 29 U.S.C. § 203(d).

9. Upon information and belief, defendant Doug Rogers is the owner of Rogers Pavement. Doug Rogers controls and is actively involved in managing and directing operations of Rogers Pavement. He sets the terms and conditions of employment, creates schedules for the employees, sets rates of pay and exercises complete operational control over Rogers Pavement.

10. Defendant Doug Rogers is a "person acting directly or indirectly in the interest of an employer in relation to an employee" and therefore, is an "employer" within the meaning of 29 U.S.C. § 203(d).

11. Defendant Richard Rogers is the CFO of Rogers Pavement and controls and is actively involved in managing and directing operations of Rogers Pavement. Richard Rogers exercised control over the payroll practices of Rogers Pavement.

12. Richard Rogers is a "person acting directly or indirectly in the interest of an employer in relation to an employee" and therefore, is an "employer" within the meaning of 29 U.S.C. § 203(d).

13. Rogers Pavement, Doug Rogers and Richard Rogers are joint employers under 29 C.F.R. § 791.2.

14. The wage and hour violation alleged herein took place at businesses and/or workplaces owned, operated, controlled and/or managed by defendants or took place at businesses and/or workplaces in which the defendants functioned as joint employers or integrated enterprises.

## IV. STATEMENT OF FACTS

15. Throughout the time period subject to the redress provisions of the FLSA, defendants maintained wage and hour policies and practices described herein ("Wage and Hour Policies and Practices") which included a payroll system that deprived non-exempt employees payment for all hours worked, including overtime hours.

16. Defendants instructed hourly employees to report their time worked in hours and minutes. Hourly employees would record their arrival time and departure time and submit that information to defendants.

17. Defendants paid their employees based on the information they submitted but defendants converted the minutes reported to a decimal figure. For example, an hourly employee who worked from 7:00 a.m. until 4:30 p.m. (nine hours and thirty minutes) had his time reported to the payroll company by defendants as 9.30 hours. The defendants failed to inform the payroll company of the need to convert the decimal from hours and minutes (i.e., 9:30) to fraction of an hour (i.e., 9.5). As a result, the reporting 9.30 hours worked resulted in payment for nine hours and eighteen minutes, rather than nine hours and thirty minutes.

18. In the above example, the employee was paid for only 1.30 hours of overtime, not 1.50 hours. At an hourly wage rate of fourteen dollars ($14.00) per hour, defendants' system resulted in an underpayment of $4.20 to the employee for these overtime hours worked.

19. The above described practice applied company-wide for an extended period of time and had the effect of denying pay earned by defendants' employees and resulted in all hourly employees being systematically underpaid for all time worked every time the employee worked any amount of time other than whole hour increments.

20. Defendants' underpayment practice was discovered by its former office manager in November 2017 and reported to Richard Rogers.

21. Defendants Doug and Richard Rogers, on behalf of themselves and defendant Rogers Pavement, instructed the former office manager to keep this discovery a secret, correctly pay the hourly employees going forward, but not make up any of the past underpayments to the hourly, non-exempt employees.

22. Defendants' Wage and Hour Policies and Practices caused plaintiff and those similarly situated, on multiple occasions during the two (2) years preceding the filing of this action, to be denied overtime pay for hours worked in excess of forty (40) hours in violation of 29 U.S.C. § 207(a)(1).

23. Plaintiff worked more than forty (40) hours during many weeks, including but not limited to at least two, but up to three workweeks in each of May and June 2017.

### V. COLLECTIVE ACTION ALLEGATIONS

24. Plaintiff brings his FLSA claims under 29 U.S.C. § 216(b) as a collective action on behalf of the following opt-in Class (the "FLSA Class"):

> All persons in the United States who have been employed by defendants or defendants' predecessors in interest as non-exempt hourly wage employees any time from three years prior to the date of filing this action through the present.

25. Plaintiff is similarly situated to all current and former hourly employees described in the FLSA Class.

## VI. CLASS ACTION ALLEGATIONS

26. Plaintiff brings this action pursuant to Rule 23 of the Federal Rules of Civil procedure on behalf of himself and as a representative of a class of similarly situated individuals who have been subjected to defendants' violations of Ohio's minimum wage and overtime provision contained in Ohio's Minimum Fair Wage Standards Act, R.C. 4111.01 *et seq*. (the "Ohio Class").

27. The Ohio Class is proper under Rules 23(b)(1), 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure. The requirements of Rules 23(a), (b)(1) and (b)(3) are met with respect to the Ohio Class defined below.

> All persons who have been employed in Ohio by defendants as non-exempt hourly wage employees at any time from three years prior to the date of filing this action through the present.

28. Although the precise number of the Ohio Class members is unknown to plaintiff, upon information and belief the number is in excess of forty (40), such that joinder is impractical. The disposition of each Ohio Class member's claims through the class action procedure will benefit the parties, the Court, and society as a whole.

29. Plaintiff will fairly and adequately represent and protect the Ohio Class members' interests and is committed to the vigorous prosecution of this action.

30. Plaintiff has no conflicts of interest and has retained competent counsel who are experienced in class actions, including wage and hour class actions.

31. Plaintiff's claims are typical of the Ohio Class member's claims. Plaintiff and the Ohio Class members are or were at all times relevant employed by defendants and have been subject to defendants' wage and hour policies and practices which create a pattern and practice of failing to pay overtimes wages at a rate of one and one-half times the regular hourly wage rate for hours worked in excess of forty (40) hours per week. Ohio Class members are victims of the same actions and conduct of defendants.

32. Common questions of law and fact exist as to all members of the Ohio class and predominate over questions affecting individual members of the Ohio Class.

33. The common questions include, but are not limited to, the following:

   a. Whether defendants failed to pay plaintiff and class members for all hours they worked;

   b. Whether defendants failed to pay plaintiff and the class members all overtime compensation due to them;

   c. Whether defendants denied hourly employees overtime by failing to pay them for hours worked in excess of forty (40) in a given workweek at the rate of one and one-half times their regular wage;

   d. Whether plaintiff and the class members are entitled to compensatory damages and if so, the means of measuring such damages;

   e. Whether defendants' conduct was willful; and

   f. Whether defendants' conduct violates the Ohio Minimum Fair Wage Standards Act.

34. As noted above, defendants have acted on grounds that apply generally to the Ohio Class, so that final injunctive and/or declaratory relief is appropriate for the Ohio Class as a whole.

35. Prosecuting separate actions would create risk of inconsistent or varying adjudications with respect to individual Ohio Class members that would establish incompatible standards of conduct for defendants, and adjudications with respect to individual Ohio Class members would, as a practical matter, be dispositive of the interests of the other members not parties to the individual adjudications, and would substantially impair or impede their ability to protect their interests.

36. A class action is appropriate because the common questions of law and fact enumerated above predominate over questions affecting only individual members of the Ohio Class.

37. A class action is superior to other available methods for the fair and efficient adjudication of the claims asserted in this action, as the financial interests of each individual Ohio Class member is relatively small, making it economically impracticable to pursue remedies other than by a class action. As such, the Ohio Class members have little interest in individually controlling the prosecution of separate actions.

38. If individual actions were to be brought by the members of the Ohio Classes, the resulting duplication of lawsuits would create undue hardship, inefficiencies, and expense to the Court and litigants, and the nature of the claims is such that it is unlikely that many such claims would be prosecuted other than on a class basis.

39. Given the above considerations, it is desirable to concentrate the litigation of the claims in this particular forum.

40. Absent a class action, defendants would likely retain the benefits of their wrongdoing, resulting in a miscarriage of justice.

41. There will be no difficulties in managing this class action as the names and

addresses of the persons who are members of the Ohio Class are available from defendants. Further, notice can be provided to the members of the Ohio Class by using techniques and a form of notice similar to those customarily used in class actions including individual mailed notices and by publication, as appropriate.

## VII. STATEMENT OF THE CLAIMS

### Count One

### Denial of Overtime Pay under the Fair Labor Standards Act, 29 U.S.C. § 207(a)(1)

42. Plaintiff incorporates by reference all of the above paragraphs as though fully restated herein.

43. Defendants' denial of overtime pay at a rate not less than one and one-half times the regular rate at which defendants' hourly workers were employed for all hours worked in excess of forty (40) hours per workweek violates the FLSA, including but not limited to the overtime provisions of 29 U.S.C. § 207(a)(1).

44. Plaintiff is entitled to recover from defendants overtime pay at a rate not less than one and one-half times the regular rate at which he was employed for all hours worked in excess of forty (40) hours per workweek during the period beginning two (2) years prior to the commencement of this action, together with liquidated damages in an amount equal thereto, and attorney's fees pursuant to 29 U.S.C. § 216(b).

### Count Two

### Willful violation of FLSA, 29 U.S.C. § 255(a)

45. Plaintiff incorporates by reference all of the above paragraphs as though fully restated herein.

46. Defendants' conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a) such that plaintiff is entitled to recover from defendants an appropriate amount during the period beginning three (3) years prior to the commencement of this action together with liquidated damages in an amount equal thereto and attorney's fees pursuant to 29 U.S.C. § 216(b).

<b>Count Three</b>

**Violations of Ohio's Minimum Fair Wage Standards Act, R.C. 4111.01 *et seq.***

47. Plaintiff incorporates by reference all of the above paragraphs as though fully restated herein.

48. Under the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. § 4111.01 *et seq.*, defendants were required to pay each of their non-exempt Ohio employees for overtime at a wage rate of one and one-half times the employee's wage rate for hours worked in excess of forty (40) hours in one workweek. R.C. §§ 4111.03(A) and 4111.10(A).

49. Defendants' conduct as described above violates the OMFWSA provisions governing payment of overtime.

50. Defendant has willfully and with reckless disregard deprived plaintiff and members of the Ohio Class of overtime compensation under the OMFWSA, which entitles plaintiff to liquidated and/or punitive damages and other appropriate relief.

<b>Count Four</b>

**Unjust Enrichment/Quantum Meruit**

51. Plaintiff incorporates by reference all of the above paragraphs as though fully restated herein.

52. Plaintiff and members of the Ohio Class conferred a benefit upon defendants when they worked hours and provided services to defendants and the customers of defendants, and performed such other acts and conduct for defendants' benefit.

53. The benefits were conferred by plaintiff and members of the Ohio Class without receiving just compensation from defendants for the services rendered.

54. Defendants have been unjustly enriched by the benefits conferred by plaintiff and members of the Ohio Class.

55. Plaintiff and the Ohio Class are entitled to just compensation for the reasonable value of services rendered to defendants.

## Count Five

### Failure to Pay Semi-monthly Wages Due, R.C. 4113.15

56. Plaintiff incorporates by reference all of the above paragraphs as though fully restated herein.

57. During the three-year period preceding the filing of this Complaint, defendants breached the requirement of R.C. 4113.15 by failing to pay plaintiff and members of the Ohio Class all wages owed to them within thirty days of their regularly scheduled semi-monthly payday for each pay period in which plaintiff and those similarly situated worked.

58. Defendants are liable for the unpaid wages and for additional amounts as liquidated damages and interest as provided by R.C. 4113.15.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff demands judgment against the defendants as follows:

1. An Order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

2. Prompt notice, pursuant to 29 U.S.C. § 216(b) to all similarly situated employees of defendants that this litigation is pending and they have the right to "opt-in" to this litigation;

3. Judgment against defendants for violating the Fair Labor Standards Act;

4. An Order declaring that the defendants' violations of the Fair Labor Standards Act were willful;

5. An injunction prohibiting defendants from engaging in future overtime violations;

6. An award of unpaid wages as appropriate;

7. An award of overtime pay and liquidated damages thereon consistent with the provisions of the Fair Labor Standards Act;

8. An award of plaintiffs' reasonable attorneys' fees and costs;

9. With respect to the Ohio Class;

    a. An order certifying the Class pursuant to Federal Rule of Civil Procedure 23;

    b. An order appointing plaintiff as class representative and plaintiff's counsel as class counsel;

    c. An award of damages and liquidated damages;

    d. Pre-judgment and post-judgment interest, as provided by law;

    e. Such other injunctive relief as the Court may deem just and proper; and

    f. Reasonable costs and attorneys' fees.

10. Such other relief in law and equity as appropriate.

Respectfully submitted,

**MINNILLO & JENKINS Co., LPA**

/s Christian A. Jenkins
Christian A. Jenkins (OH-0070674)
Robb S. Stokar (OH-0091330)
2712 Observatory Avenue
Cincinnati, Ohio 45208
Tel:  (513) 723-1600
Fax:  (513) 723-1620
cjenkins@minnillojenkins.com
rstokar@minnillojenkins.com
*Counsel for Plaintiff*

## JURY DEMAND

Plaintiffs demand a trial by jury as to all issues so triable in this matter.

/s Christian A. Jenkins
Christian A. Jenkins (OH-0070674)

13