# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| Brian Pittman | : | Case No.: 1-18-cv-00717-MRB |
| | : | |
| Plaintiff, | : | Judge Michael R. Barrett |
| | : | |
| vs. | : | |
| | : | |
| Rogers Pavement Maintenance, Inc., et al. | : | |
| | : | |
| Defendants. | : | |

---

## JOINT MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT, CERTIFICATION OF SETTLEMENT CLASS, APPOINTMENT OF CLASS COUNSEL AND ORDER SCHEDULING FAIRNESS HEARING

---

Plaintiff Brian Pittman ("Plaintiff") and Defendants Rogers Pavement Maintenance, Inc., Doug Rogers and Richard Rogers (collectively "Defendants"), respectfully move the Court for an Order:

(1)     Certifying a Fed. R. Civ. P. 23(b)(3) Settlement Class with the following class definition as agreed to by the Parties:

> All persons in the United States who have been employed by defendants or defendants' predecessors in interest as nonexempt hourly wage employees any time from three years prior to the date of filing this action through the present.

(2)     Appointing Christian A. Jenkins and Robb S. Stokar of Minnillo & Jenkins Co., LPA as Class Counsel;

(3)     Preliminarily approving the Settlement Agreement, attached hereto as Exhibit A;

(4)     Approving dissemination of the Notice and Claim Form attached as Attachment 1 to the Settlement Agreement (Ex. A) to members of the Settlement Class in order to advise

them of (a) the terms of the Settlement Agreement, including their eligibility for a Settlement payment, and (b) their rights under the Settlement Agreement, including their right to opt-out of the Settlement Agreement or object to the Settlement Agreement; and

(5)   Setting a hearing date to determine the fairness, reasonableness, and adequacy of the Settlement Agreement, and to consider class counsels' application for attorneys' fees and a contribution award for plaintiff. A proposed Order granting the requested relief is attached hereto as Exhibit B.


Respectfully submitted,


| /s/ Christian A. Jenkins | /s/ Jeffrey T. Kenney * |
|---|---|
| Christian A. Jenkins (0070674) | Jeffrey T. Kenney (0051807) |
| Robb S. Stokar (0091330) | Melanie M. Lennon (0095576) |
| 2712 Observatory Avenue | Cooper & Elliott |
| Cincinnati, Ohio 45208 | 2175 Riverside Drive |
| Tel:  (513) 723-1600 | Columbus, Ohio 43221 |
| Fax:  (513) 723-1620 | Tel:  (614) 481-6000 |
| cjenkins@minnillojenkins.com | Fax:  (614) 481-6001 |
| rstokar@minnillojenkins.com | jeffk@cooperelliott.com |
| *Counsel for Plaintiff* | melaniel@cooperelliott.com |
| | *Attorneys for Defendants* |
| | *\* Per e-mail authority 07-15-2019* |

## MEMORANDUM IN SUPPORT

### I. STATEMENT OF THE CASE

#### A. Status of the Litigation Prior to Proposed Settlement

On October 11, 2018, plaintiff sued defendants over their payroll practices that resulted in unlawfully denying overtime compensation to plaintiff and the other hourly employees at Rogers Pavement Maintenance, Inc. ("Rogers Pavement").

Plaintiff was formerly employed as a crew member at Rogers Pavement working on various paving projects. Plaintiff and the other hourly employees were told to record their time worked in hours and minutes (i.e., 8:30 indicating eight hours and 30 minutes). Defendants mistakenly translated this number to a decimal (i.e., 8.3) and reported it to their payroll provider. This resulted in underpayment whenever an employee worked a fractional hour. For example, the employee who worked eight hours and 30 minutes was paid for eight and three-tenths of an hour, not eight and one-half hours.

In or about November 2017, this payroll practice was brought to defendants' attention. Defendants ceased this practice, but never disclosed the shortage to their employees nor did they retroactively pay the employees for the unpaid wages. Defendants did make some payments to the class members after suit was filed.

Plaintiff filed suit alleging denial of overtime pay under the Fair Labor Standards Act, 29 U.S.C. § 207(a)(1), willful violation of the Fair Labor Standards Act, 29 U.S.C. § 255(a), violation of Ohio's Minimum Fair Wage Standards Act, R.C. 4111.01 *et seq.*, unjust enrichment and quantum meruit and a state law claim for failure to pay semi-monthly wages due, R.C. 4113.15.

On January 4, 2019, defendants filed an answer generally denying plaintiff's allegations and asserting various affirmative defenses.

**B.     Settlement Negotiations**

Shortly after defendants filed their answer, the parties began discussing the possibility of settlement.  Defendants tendered their raw payroll data to plaintiff's counsel for analysis.

Simultaneously, defendants unilaterally issued some payments for the wage shortages to various members of the prospective class.  However, no payments were made to Mr. Pittman and no liquidated damages were paid to anyone.

Plaintiff's counsel analyzed the defendants' data, corrected various errors and calculated the liquidated damages owed to the prospective class members.  Plaintiff and defendants have reached an agreement on the amounts owed, including liquidated damages to the proposed class members as well as attorney fees.

**C.     Principal Terms of The Proposed Settlement**

This Settlement Agreement is the result of the extensive and vigorously contested arms-length negotiations between Pittman's counsel and defendants' counsel, both of whom have substantial experience in litigating FLSA and class actions.

**1.     Relief to the Settlement Class**

The Parties ask the Court to certify a Settlement Class defined as: **All persons in the United States who have been employed by defendants or defendants' predecessors in interest as nonexempt hourly employees any time from three years prior to the date of filing this action through the date of preliminary approval.** (the "Settlement Class"), and to appoint Brian Pittman as class representative.

The Parties likewise ask the Court to appoint the law firm of Minnillo & Jenkins Co., LPA and attorneys Christian A. Jenkins and Robb S. Stokar of that firm as class counsel ("Class Counsel").

Each member of the proposed Settlement Class who does not opt-out of the Settlement will receive a payment from defendants as outlined in the spreadsheet attached as Attachment 2 to the Settlement Agreement (Exhibit A).

All Class Member Settlement Payments shall be treated as wages. Defendants will pay all employer payroll taxes and related employer contributions, will process all associated withholdings, and will report such payments using IRS form W-2. These Settlement Payments shall be sent directly to the Participating Class Members via first class mail through the United States Postal Service, postage pre-paid. Payment checks shall be valid for ninety (90) days from the date of mailing. If any payment checks are unclaimed, returned, or uncashed after that ninety-day period, those checks will be cancelled at defendants' expense.

The defendants consent to certification of the proposed class solely for settlement purposes. If the claim continued through litigation, defendants would oppose class certification in this case.

## 2. Attorneys' Fees and Costs

The Parties have agreed on Attorney Fees and cost reimbursement in the total amount of $30,000.00. Defendants will pay $20,000.00 at the time the class is paid and an additional $10,000.00 45 days thereafter. Attorney fees shall be delivered to Class Counsel via hand delivery, UPS or Fed Ex at Class Counsel's office: 2712 Observatory Avenue Cincinnati, Ohio 45208. The Court will retain jurisdiction to enforce the payment of Attorney Fees in the event of non-payment.

Attorney fees and cost reimbursement pursuant to any award will be paid separately by defendants, and such payment shall not affect or diminish the payments being made to the Participating Class Members.

## 3. Incentive Payment and Settlement of Individual Claim of the Named Plaintiff

Class Counsel will also ask the Court to award an incentive payment of One Thousand

Five-Hundred Dollars and 00/100 ($1,500.00) to be made to Pittman by defendants, in recognition of the contributions he made toward this litigation.

4.      **Notice to Class Members and Opt-in Plaintiffs of Settlement**

Within seven (7) days of the date of entry of the Preliminary Approval Order or such other time as ordered by the Court, the defendants shall mail to the Settlement Class Members, by first class United States mail, the *Notice To Settlement Class Members Regarding Settlement and Notice Of Hearing On Proposed Settlement* (the "Notice") in the form as Attachment 1 to the Settlement Agreement (Exhibit A) or in such modified form as ordered by the Court. The Notice will inform the Settlement Class Members of their rights under the Settlement, including the rights to opt-out, to receive benefits, and to object. Any Settlement Class Member who submits a timely claim will receive a Settlement Payment as provided in the Settlement Agreement.

(a)      **Opting Out.**  Any Settlement Class Member may request exclusion from the Settlement by submitting a signed opt-out letter to Counsel for the Parties that includes their name, current mailing address, and a statement indicating that he/she wants to opt-out or be excluded from the Settlement. To be effective, such opt-out letters must be sent via first class United States mail to the addresses provided in the Notice and postmarked by the date specified on the Notice, which will be thirty (30) calendar days after the defendants or the Notice Administrator makes the initial mailing of the Notice (the "Opt-Out Period"). Counsel for defendants shall retain documents indicating the postmark date of each opt-out letter received and stamp the date received on the original of each opt-out letter that it receives.  Counsel for defendants shall also, within five (5) business days after the end of the Opt-Out Period, file with the Clerk of Courts for the United States District Court for the Southern District of Ohio stamped copies of any opt-out letters, redacting any social

security numbers or other personal or sensitive information that may have been included in any such letter (*i.e.* birth dates).

**(b)    Objections.**    Settlement Class Members who wish to present objections to the proposed settlement at the Settlement Hearing must do so first in writing. To be considered, such objections must be filed with the Clerk of Courts for the United States District Court for the Southern District of Ohio by a date to be specified on the Notice, which shall be thirty (30) days after the initial mailing of the Notice. The objection must also be mailed to counsel for the Parties, postmarked by the date specified in the Notice. The objection must be signed by the Settlement Class Member or his/her attorney and must contain the objector's name, current address, and the specific reasons why he/she objects to the Settlement (including any legal authorities). The objection must also state whether the objector and/or his/her attorney intends to appear at the Fairness Hearing, and if so, contain any legal support the objector wishes to bring to the Court's attention and any evidence the objector wishes to introduce in support of the objection, as well as identify any documents he/she will seek to introduce or witnesses he/she intends to call at the Fairness Hearing. The Parties may file with the Court written responses to any filed objections not later than seven (7) days before the Fairness Hearing.

**5.    Release**

Upon entry of the final judgment and order granting approval of this settlement, Pittman, and each Settlement Class Member who fails to opt-out will forever and fully release and discharge defendants (defined as the "Releasees" in the Settlement Agreement) from any and all "Released Claims." "Released Claims" is defined in the Settlement Agreement to mean all claims, known or unknown, by Pittman and all Settlement Class Members, for any type of relief against the

defendants/Releasees for declaratory relief, wages, damages, unpaid costs, penalties, liquidated damages, punitive damages, interest, attorney fees, litigation costs, or any other monetary remedy, as well as injunctive relief, restitution, or other equitable relief related to or arising out of the claims set forth in the Complaint at any time from three years prior to the time of filing this action through the date of preliminary approval related to the payment of wages while working as a nonexempt employee for defendants during the Class Period.

### 6.  Fairness Hearing

The Parties will seek an expeditious Fairness Hearing consistent with the Court's docket and the schedules of counsel. No later than 14 days prior to the Fairness Hearing, Class Counsel shall submit a motion for final approval of the settlement. At the Fairness Hearing, the Parties will jointly request that the Court enter the judgment and order granting approval of settlement. If the Court does not approve the Settlement Agreement or approves it subject to conditions or modifications which are not acceptable to either party (other than the amount of attorney fees and costs to be paid to Class Counsel, which shall have no effect on the validity or enforceability of the Settlement Agreement), the Parties shall attempt to negotiate in good faith in order to modify the Settlement Agreement in a form acceptable to both Parties and the Court.

## II.  LEGAL ANALYSIS SUPPORTING PRELIMINARY APPROVAL

### A.  This Settlement Meets The Standards Governing Approval Of Rule 23 Class Action Settlements

Pursuant to Civ. R. 23(e)(2), a court may approve a proposed class action settlement if it determines that it is "fair, reasonable, and adequate." The *Manual for Complex Litigation* states that the judicial approval of a proposed class settlement is a two-part process. First, the court is to

determine whether the settlement falls "within the range of possible judicial approval."[1]  If the court does indeed find the settlement to be within the range of possible approval, it will schedule a final approval hearing and direct notice to the Class.[2]  Second, after notice has been disseminated to the Class and relevant evidence has been presented, the court makes the final determination as to whether the Settlement is fair, reasonable, and adequate.[3]  Preliminary approval should be granted, along with the authorization to direct notice to the Class, unless an initial evaluation "disclose[s] grounds to doubt [a proposed settlement's] fairness or other obvious deficiencies," such that it falls outside "the range of possible approval."[4] The Settlement Agreement here falls well within the "range of possible approval," and therefore, preliminary approval is warranted. Indeed, the Settlement Agreement is the result of adversarial, arm's-length negotiations by experienced counsel on both sides.

As set forth above, there has been significant analysis of the underlying data forming the basis of settlement in this matter. Putative Class Counsel has thoroughly investigated and analyzed the claim at issue as well as the associated risks of continued litigation. As a result, the terms and conditions of the Settlement are fair, adequate, and reasonable.

### 1.     The monetary relief to the Class is well within the range of reasonableness.

Each Participating Class Member who submits a valid claim will receive the monies s/he is owed on account of the defendants' unlawful payroll practices, plus and equal amount for liquidated damages.

It is also important to note that the Proposed Settlement Class faced litigation risks which

---

[1] *Manual for Complex Litigation* 3d § 30.41 (West 1999); see also 2 H. Newberg & A. Conte, *Newberg on Class Actions* 11.25 (3d Ed. 1992).
[2] *Id.*
[3] *Id.*
[4] *In re Telectronics Pacing Sys*., 137 F. Supp. 2d 985, 1015 (S.D. Ohio 2001) (same).

could have resulted in an adverse judgment. This is not a case in which plaintiff alleges that he was misclassified as ineligible for overtime, or where a single task was always and systematically uncompensated by an employer (such as donning protective gear).

Instead, this case could require individual testimony to establish each Class Member's entitlement to overtime wages not paid. Further, it is likely that evidence relating to each Class Member's actual time worked, on days that occurred years ago, would be necessary to establish damages. These potential individual issues could prevent certification. In view of these very real risks, this Settlement clearly falls within range of reasonableness, demonstrating that this Settlement is fair, reasonable and adequate.

### 2. The Class faces significant legal and factual obstacles on the merits and further litigation would be lengthy, complex, and expensive.

Relevant factors when considering whether a class action settlement is fair, adequate, and reasonable include whether the class can establish liability and damages.[5] As set forth above, defendants have vehemently denied plaintiff's claims and have consistently maintained that the allegations in the case are without merit. The inherent risk associated with this litigation favors preliminary approval of the Settlement.

In addition, absent this Settlement, plaintiff and the Settlement Class face prolonged litigation, possibly to include appeals to the Sixth Circuit. After completion of this factual discovery, plaintiff would move for conditional class certification under the FLSA and certification under Rule 23, which would be opposed by defendants. Thus, the Parties would spend significant time and resources briefing the issue of class certification. Even if the Court granted conditional class certification under the FLSA or certification under Rule 23, defendants would likely move for decertification at the close of discovery.

---

[5] *See Wess v. Storey*, 2011 U.S. Dist. LEXIS 41050 (S.D. Ohio Apr. 14, 2011).

Further, defendants would file a motion for summary judgment on some, or all, of the claims. In the event any claims survive summary judgment, Pittman and any Settlement Class Members would still need to prove violations of the FLSA and/or Ohio law and then establish damages at trial. Accordingly, absent this Settlement, a lengthy process with numerous uncertainties would be required before any Settlement Class Members could hope to receive any compensation.

By contrast, the proposed Settlement offers significant and substantial relief to the Settlement Class now, without having to endure further risks, duration, and expense that will surely follow if this litigation were to continue.

Finally, there is no reason to doubt the fairness of the Settlement Agreement. The Settlement Agreement was not the product of collusive dealings, but, rather, was informed by the vigorous prosecution of the case by experienced and qualified counsel. It is the result of good faith, arms-length negotiations between experienced and informed counsel on both sides.[6]

### 3. The proposed notice plan is appropriate and satisfies due process.

According to Rule 23(e)(1), when there is a proposed settlement, "the court must direct notice in a reasonable manner to all class members who would be bound by the proposal." Rule 23(c)(2)(B) provides additional guidance regarding notices sent to class members stating that "[t]he notice must clearly and concisely state in plain, easily understood language:

    (i)   the nature of the action;

    (ii)  the definition of the class certified;

---

[6] A "'presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's length negotiations between experienced, capable counsel after meaningful discovery.'" *New Eng. Health Care Emples. Pension Fund v. Fruit of the Loom, Inc.*, 234 F.R.D. 627, 632 (W.D. Ky. 2006) (quoting *Hicks v. Stanley*, 2005 U.S. Dist. LEXIS 24890, 2005 WL 2757792, *5 (S.D.N.Y. October 24, 2005); *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 116 (2d Cir. 2005), cert. denied, 544 U.S. 1044, 125 S. Ct. 2277, 161 L. Ed. 2d 1080 (2005)).

(iii)   the class claims, issues, or defenses;

(iv)   that a class member may enter an appearance through an attorney if the member so desires;

(v)   that the court will exclude from the class any member who requests exclusion;

(vi)   the time and manner for requesting exclusion; and

(vii)   the binding effect of a class judgment on class members under Rule 23(c)(3).

As explained above, the parties have agreed to disseminate notice to Settlement Class Members via direct first-class mail.[7]  The proposed Notice informs Settlement Class Members of the terms of the Settlement Agreement and the relief the settlement will provide; the procedures for objecting to the terms of the Settlement Agreement and opting-out of the Class; the date and location of the Fairness Hearing; that Pittman's Counsel will apply for payment of their attorney's fees and expenses; and provides direction on how to contact plaintiff's Counsel should the Class Member wish to obtain additional information.[8] The proposed Notice and the Notice Plan are thus consistent with the requirements of due process and those of Rule 23.

**4.      Scheduling a final fairness hearing is appropriate.**

The last step in the settlement approval process is the fairness hearing, at which time the Court may hear all evidence and arguments necessary to conclusively evaluate the settlement to determine whether final approval is warranted.

**B.      The Proposed Settlement Class Meets the Requirements for Class Certification**

---

[7] *See* Settlement Agreement, Section 5.2.1.
[8] *See* Exhibit A, Attachment 1.

This Court is required to conduct a "rigorous analysis" to determine whether the requirements of Rule 23 have been met. *Gen. Tel. Co. v. Falcon,* 457 U.S. 147, 161 (1982). The party seeking to certify a class must satisfy all four subsections of Federal Rule of Civil Procedure 3(a) and at least one subsection of Rule 23(b). *See In re Am. Med. Sys., Inc.,* 75 F.3d 1069, 1079 (6th Cir. 1996).

Before delving into the "rigorous analysis" required by Rule 23, a court first should consider whether a precisely defined class exists and whether the named plaintiff is a member of the proposed class. *Beattie v. CenturyTel, Inc.,* 511 F.3d 554, 562 (6th Cir. 2007) ("A class representative must be part of the class and possess the same interest and suffer the same injury as the class members.") (internal citations omitted). "While class definitions obviously are tailored to the specifics of every case, important elements of defining a class include: (1) specifying a particular group that was harmed during a particular time frame, in a particular location, in a particular way; and (2) facilitating a court's ability to ascertain its membership in some objective manner." *Bentley v. Honeywell Int'l, Inc.,* 223 F.R.D. 471, 477 (S.D. Ohio 2004).

"Generally, '[a] class will satisfy the definiteness requirement as long as it is defined in terms of objective criteria like the defendants' conduct as opposed to the state of mind of the parties.'" *Id.* (quotation omitted). The proposed Settlement Class is defined as:

> **All persons in the United States who have been employed by defendants or defendants' predecessors in interest as nonexempt hourly wage employees any time from three years prior to the date of filing this action through the date of preliminary approval.**

The proposed Settlement Class is specifically limited to an identifiable time period. Additionally, the Settlement Class is identifiable because every nonexempt employee who worked for defendants during the class period is a Settlement Class Member, making the class members readily identifiable from defendants' records. Finally, plaintiff is a member of the class he seeks

to represent because he worked as an hourly employee of defendants during the class period.

### 1.     Rule 23(a)(1) – Numerosity

Rule 23(a)(1) requires that the proposed class be so numerous that joinder of all members is impracticable. "As the Court of Appeals has explained, there is no strict numerical test in order to establish numerosity." *Castillo*, 2014 WL 4377835, at *7 (quoting *Young v. Nationwide Mut. Ins. Co.,* 693 F.3d 532, 541 (6th Cir. 2012)). Impracticability does not equate to impossibility, and there is no specific number of putative class members that establishes impracticability.[9] *Card v. City of Cleveland*, 270 F.R.D. 280, 290 (N.D. Ohio 2010) (citing *Senter v. General Motors Corp.*, 532 F.2d 511, 523 n.24 (6th Cir. 1976)). Instead, courts adopt a flexible approach that considers the particular circumstances of each case. *Id.* The Settlement Class here includes 54 members, and given the particular circumstances of this case (such as the small value of each Class Member's claim), numerosity is satisfied for purposes of this Settlement.

### 2.     Rule 23(a)(2) - Commonality

Rule 23(a)(2) requires a plaintiff to show that "there are questions of law or fact common to the class." The plaintiff should be able to demonstrate the members of the class "have suffered the same injury." *Hendricks v. Total Quality Logistics, LLC*, 292 F.R.D. 529, 539 (S.D. Ohio 2013) (citing *Wal–Mart Stores, Inc. v. Dukes,* 131 S.Ct. 2541, 2551 (2011)). The claims of the class members do not have to be factually identical. *Bovee v. Coopers & Lybrand*, 216 F.R.D. 596, 608 (S.D. Ohio 2003) (citing *Putnam v. Davies*, 169 F.R.D. 89, 93 (S.D. Ohio 1996)). Rather, "the commonality requirement will be satisfied as long as the members of the class have allegedly been affected by a general policy of the Defendant and the general policy is the focus of the litigation." *Id*. (citing *Putnam*, 169 F.R.D. at 93; *Mayo v. Sears, Roebuck & Co*., 148 F.R.D. 576, 580 (S.D.

---

[9] *Taylor v. CSX Transp., Inc*., 264 F.R.D. 281, 288 (N.D. Ohio 2007)*.*

Ohio 1993)).

"Although Rule 23(a)(2) speaks of 'questions' in the plural, there need be only one question common to the class." *Id.* (citing *Sprague v. Gen. Motors Corp.*, 133 F.3d 388, 397 (6th Cir. 1998)). The mere fact that questions peculiar to individual class members could remain does not defeat a finding of commonality. *Id.* (citing *Sterling v. Velsicol Chem. Corp.*, 855 F.2d 1188, 1197 (6th Cir. 1988)). The class representatives must simply enumerate a question of law or fact common to the class, "the resolution of which will advance the litigation." *Id.* (quoting *Sprague*, 133 F.3d at 397). Therefore, "[t]he commonality requirement is satisfied if there is a single factual or legal question common to the entire class." *Powers v. Hamilton Cnty. Pub. Defender Comm'n*, 501 F.3d 592, 619 (6th Cir. 2007) (citing *Am. Med. Sys.*, 75 F.3d at 1080).

Here, the members of the Settlement Class were subjected to the same general compensation policy. As a result, there are numerous questions common to the entire Settlement Class, including:

(a) whether the plaintiff and Putative Class Members' reports of time worked to defendants were accurate

(b) Whether defendants' payroll practices violated the FLSA and Ohio law.

Thus, there are questions of law central to the resolution of this case that are common to the entire Settlement Class. This satisfies the commonality requirement.

### 3. Rule 23(a)(3) - Typicality

Rule 23(a)(3) requires that the "claims or defenses of the representative parties [be] typical of the claims or defenses of the class." A plaintiff's claim is typical "if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory." *Am. Med. Sys.*, 75 F.3d at 1082 (citing 1

Herbert B. Newberg & Alba Conte, *Newberg on Class Actions*, § 3.13 (3d ed. 1992)). The commonality and typicality requirements are closely related because they both help determine whether the claim of the named plaintiff and the class are so interrelated that the interests of the absent class members will be protected. *Id*. Like the commonality requirement, the named plaintiff's claim does not have to be identical to the claim of the other members of the putative class, and need not always involve the same facts or law – provided there is a common element of fact or law. *Beattie*, 511 F.3d at 561 (citing *Senter*, 532 F.2d at 525, n.31).

The United States Supreme Court has observed that commonality and typicality "serve as guideposts for determining whether . . . maintenance of the class action is economical and whether the named plaintiffs' claims and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *Gen. Tel. Co.*, 457 U.S. at 157, n.13. Commonality and typicality are closely related, and typicality is not an onerous requirement.

Rather, if a strong similarity of legal theories exists, factual distinctions between proposed class representatives and class members will not defeat class certification. *Prater v. Ohio Educ. Ass'n*, 2008 WL 2566364, at *3 (S.D. Ohio June 26, 2008) (citing *Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 884-85 (6th Cir. 1997)).

Plaintiff was employed by defendants from 2015 to 2017. He was an hourly, nonexempt front-line employee performing paving work. He was subjected to the payroll reporting practices and systematic underpayments as most other Class Members. In addition to the front-line paving employees, the class does include at least one hourly non-exempt office employee. All hourly employees were subjected to the same flawed payroll reporting practice. Thus, plaintiff's experience was the same as the other Class Members. The typicality required is satisfied.

### 4. Rule 23(a)(4) - Adequacy

Rule 23(a)(4) permits certification if "the representative parties will fairly and adequately protect the interests of the class." The adequacy requirement "serves to uncover conflicts of interest between named parties and the class they seek to represent. A class representative must be part of the class and possess the same interest and suffer the same injury as the class members." *Beattie*, 511 F.3d at 562 (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625-26 (1997)). "The adequate representation requirement overlaps with the typicality requirement because in the absence of typical claims, the class representative has no incentives to pursue the claims of the other class members." *Id.* Accordingly, the adequacy of representation requirement is usually satisfied if commonality and typicality are met. *Prater*, 2008 WL 2566364, at *7 (citing *Dalesandro v. International Paper Co*., 214 F.R.D. 473, 483 (S.D. Ohio 2003)).

In *Senter*, the Sixth Circuit articulated two criteria for determining adequacy: (1) "[t]he representative must have common interests with unnamed members of the class" and (2) "it must appear that the representatives will vigorously prosecute the interests of the class through qualified counsel." *Senter*, 532 F.2d at 525. "Class representatives are adequate when it appear[s] that [they] will vigorously prosecute the interests of the class through qualified counsel, which usually will be the case if the representatives are part of the class and possess the same interest and suffer the same injury as the class members." *Beattie*, 511 F.3d at 563 (quoting *UAW v. GMC*, 497 F.3d 615 (6th Cir. 2007) (alterations in original; citations and internal quotation marks omitted)).

### (a) Plaintiff shares common interests with the Class.

The requirement that the representative has common interests with the class overlaps with the commonality and typicality requirements and acts to ensure that the representative has interests co-extensive with, rather than antagonistic to, the interests of the other class members. *Shreve v.*

*Franklin Cnty., Ohio*, 2010 WL 5173162, at *15 (S.D. Ohio Dec. 14, 2010) (citing *Day v. NLO, Inc.*, 144 F.R.D. 330, 335 (S.D. Ohio 1992)).

A plaintiff may not be an adequate representative if that plaintiff is subject to unique defenses that place him or her in a position antagonistic to the interests of the class. *Ross*, 257 F.R.D. at 447.

Here, plaintiff has no claim that could be considered antagonistic to the interests of the Class. In fact, his claims are identical to those of the Class because they are derived from defendants' standard payroll practices for their hourly employees. In proving his claim, plaintiff will necessarily resolve fundamental questions common to all Class Members. *See Castillo*, 2014 WL 4377835.

**(b)     Plaintiff will vigorously prosecute this action.**

To satisfy the second adequacy of representation requirement, it must appear that the representative will vigorously prosecute the interests of the class through qualified counsel. *Senter*, 532 F.2d at 525 (citing *Gonzales v. Cassidy*, 474 F.2d 67, 73 (6th Cir. 1973)). Plaintiff's conduct in this action so far demonstrates that he has prosecuted this case vigorously. Further, as discussed below, plaintiff's counsel is adequate and qualified to assume this responsibility.  (*See* Exhibit C for a more thorough discussion of plaintiff's counsel's qualifications.)

**5.     Rule 23(b)(3)**

In addition to satisfying the above Rule 23(a) requirements, a plaintiff must demonstrate that the action falls within one of the subcategories of Rule 23(b). Class certification under Rule 23 is appropriate if "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed.

R. Civ. P. 23(b)(3). To determine superiority, Rule 23(b)(3)(A)-(D) sets out the following non-exhaustive list of factors to consider:

> (A) The interest of members of the class in individually controlling the prosecution or defense of separate actions;
> (B) The extent and nature of any litigation concerning the controversy already commenced by or against members of the class;
> (C) The desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
> (D) The difficulties likely to be encountered in the management of a class action.

**(a)** **Individual members of the Class have little interest in controlling the prosecution of a separate claim.**

Here, where damages to each class member are often less than one-hundred dollars, there is little incentive for an individual class member to take on the defendants. "Although each potential class member has sustained an alleged loss, the costs of pursuing the matter significantly impairs the ability of individual plaintiffs to proceed on a case-by-case basis." *Laichev v. JBM, Inc.*, 269 F.R.D. 633 (S.D. Ohio 2008). Therefore, "failure to certify a class will most likely render individual actions in this case noneconomical for Plaintiffs to pursue." *Jenkins v. Hyundai Motor Fin. Co.*, 2008 WL 781862, at *8 (S.D. Ohio Mar. 24, 2008) (citing *Weeks v. Bareco Oil Co.*, 125 F.2d 84, 90 (7th Cir. 1941) (cautioning against "closing the door of justice to small claimants"); *Amchem*, 521 U.S. at 617 (noting that "'[t]he policy at the very core of the class action mechanism is to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights.'") (quoting *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 344 (7th Cir. 1997)). Any Settlement Class Member who wishes to control the prosecution of his or her own claims may, of course, opt-out.

**(b)** **There are no other claims involving this controversy.**

Plaintiff is not aware of any other suits or claims of this nature pending against the

defendants. Thus, this factor weighs in favor of certification.

      **(c)**      **It is desirable to concentrate the litigation of these claims in this forum.**

      "Class certification here promotes consistent results, giving the Defendant 'the benefit of finality and repose.'" *Swigart v. Fifth Third Bank*, 288 F.R.D. 177, 187 (S.D. Ohio 2012) (quoting *Gunnells v. Healthplan Servs., Inc.*, 348 F.3d 417, 427 (4th Cir. 2003)). Furthermore, factors making it desirable to concentrate this litigation in this forum include "whether or not the current forum (1) will prevent the duplication of effort and the possibility of inconsistent results and (2) is an appropriate place to settle the controversy." *Ingram v. Joe Conrad Chevrolet, Inc.*, 90 F.R.D. 129, 133–134 (E.D. Ky. 1981) (internal citations omitted). Both apply here.

      A class action is the most efficient method to resolve this matter due to the number of Settlement Class Members, the small individual recoveries, and the prevailing common issues. Moreover, there is a possibility of inconsistent results if the claims of the Settlement Class are not consolidated before a single court.

      **(d)**      **There will be minimal difficulties in handling this case as a class action.**

      As demonstrated above, plaintiff's claims are conducive to adjudication as a class action and do not present any significant manageability issues. The class is small and the amounts due are easily calculable. The class action device is far superior to, and more manageable than, any other procedure available for the treatment of the factual and legal issues raised by plaintiff's claims. For the reasons enumerated above, the Class satisfies Rule 23(a) and 23(b)(3).

      **6.**      **Plaintiff's counsel is adequate to represent the Class.**

      Rule 23(g) requires the court to approve and appoint class counsel. Under Rule 23(g), the court must consider: (1) the work counsel has done in identifying or investigating potential claims in the action; (2) counsel's experience in handling class actions, other complex litigation, and the

types of claims asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources that counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(A)(i)-(iv). The Court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class…." Fed. R. Civ. P. 23(g)(1)(B).

Plaintiff retained highly capable counsel with extensive experience in successfully prosecuting class actions on behalf of injured parties throughout the United States, including actions involving wage claims.[10]  Counsel is capable of, and committed to, prosecuting this action vigorously on behalf of the Class.  To date, plaintiff's counsel has expended substantial resources to litigate this case and remains committed to doing so.  As such, plaintiff's counsel will fairly and adequately represent the interests of the Settlement Class.

## III.    CONCLUSION

Based upon the foregoing, the Parties respectfully move the Court for an order preliminarily approving this Settlement, including the form and manner of notice, as submitted. The Parties further request this Court set a Fairness Hearing in accordance with the time frames specified in the Settlement Agreement and herein. A proposed Order granting the requested relief is provided for the Court's convenience as Exhibit B hereto.

---

[10] *See* Jenkins Declaration, Exhibit C

Respectfully submitted,


/s/ Christian A. Jenkins                           /s/ Jeffrey T. Kenney *

| | |
|---|---|
| Christian A. Jenkins (0070674) | Jeffrey T. Kenney (0051807) |
| Robb S. Stokar (0091330) | Melanie M. Lennon (0095576) |
| 2712 Observatory Avenue | Cooper & Elliott |
| Cincinnati, Ohio 45208 | 2175 Riverside Drive |
| Tel:  (513) 723-1600 | Columbus, Ohio 43221 |
| Fax:  (513) 723-1620 | Tel:  (614) 481-6000 |
| cjenkins@minnillojenkins.com | Fax:  (614) 481-6001 |
| rstokar@minnillojenkins.com | jeffk@cooperelliott.com |
| *Counsel for Plaintiff* | melaniel@cooperelliott.com |
| | *Attorney for Defendants* |
| | * *Per e-mail authority 07-15-2019* |


### CERTIFICATE OF SERVICE

I certify that on July 22, 2019, the foregoing Joint Motion to Approve Settlement was electronically filed with the Clerk of the Southern District of Ohio using the Court's CM/ECF system, which will automatically serve al counsel of record via electronical delivery.


/s/ Christian A. Jenkins
Christian A. Jenkins (0070674)