## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **BRIAN PITTMAN**, individually and on behalf of all other similarly situated, | : | CASE NO. 1:18-cv-00717-MRB |
| | : | |
| | : | Judge Michael R. Barrett |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| **ROGERS PAVEMENT MAINTENANCE, INC.**, *et al*. | : | **ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |
| | : | |
| Defendant. | : | |

WHEREAS, the Court conducted a fairness hearing on October 1, 2019, at 11:00 a.m. in Courtroom 109, 100 East Fifth Street, Cincinnati, Ohio 45202 during which Class Counsel presented additional information about the implementation of the settlement and confirmed that there were no objections to the settlement previously filed with the Court;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED this 7th day of October, 2019, as follows:

1. The Court has jurisdiction over the subject matter of this Action and may grant final approval of the Settlement Agreement, including all Exhibits to the Settlement Agreement. 28 U.S.C. § 1332. The Court also has personal jurisdiction over the Plaintiff, Defendants, and Class Members.

2. This Order Granting Final Approval of Class Action Settlement ("Order") incorporates by reference the definitions in the Settlement Agreement filed in this action at ECF No. 12-1, and all capitalized terms used herein that also appear in the Settlement Agreement shall have the meanings set forth in the Settlement Agreement.

3. The Court grants final approval to the Settlement, as set forth in the Settlement Agreement, as it is fair, reasonable, and adequate, consistent and in compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and the Rules of the Court, and is in the best interests of each of the Parties and the Class Members. The Court finds this is not a common fund settlement.

4. The Class approved by this Court, and for which final approval is given, is as follows:

> All of Defendants' nonexempt employees who worked at Rogers Pavement Maintenance, Inc. located at 11061 Deerfield Road, Cincinnati, Ohio 45242 from three years prior to the date of filing this action [October 11, 2015] to the date of the Order [July 29, 2019] granting preliminary approval of the Settlement.

Excluded from the Settlement Class are Releasees, any directors or officers of Releasees and the Judge(s) to whom this case is assigned or any other judicial officer having responsibility for this case.

5. The Class satisfies all of the requirements of Federal Rule of Civil Procedure 23(a) (including the requirements of numerosity, commonality, typicality and adequacy) and the requirements of Rule 23(b)(3).

6. On August 5, 2019, Defendants implemented the notice plan and disseminated the notice via regular U.S. Mail, postage pre-paid, by mailing Notice to the Settlement Class Members in accordance with the terms of the Settlement Agreement and the Order granting preliminary approval. Eight notices were returned. For all notices returned, Defendants' counsel used the people search (or similar) features of Lexis-Nexis to attempt to find an updated address for the notice recipient. However, counsel was unsuccessful in obtaining a new address, different from the one from which notice was returned. Defendants' counsel will, at least once every thirty (30) days for the next ninety (90) days following the Effective Date, re-submit the names of the returned

notices to the Lexis-Nexis database to attempt to find a current address for the Class Member to send payment.

7. This Order uses the term "Excluded Class Members" to refer to the members of the Class who validly and timely opted out from the Settlement. There are only two Excluded Class Members.

8. Each and every member of the class except for Excluded Class Members is and shall be conclusively and forever bound by the Settlement Agreement. The Settlement Agreement shall be preclusive in all pending and future lawsuits or other proceedings. It shall be binding as to all the Released Claims in accordance with Section 1.27 of the Settlement Agreement. [ECF 12-1, PageID #63].

9. The Court directs the Parties and their counsel to further implement and consummate this Settlement Agreement, the terms and provisions of which are incorporated by reference into this Order and to make payments to the Class, Plaintiff and Plaintiff's counsel as stated below:

   a. No later than fourteen (14) calendar days after the Effective Date, Defendants shall make the Settlement Payment to each participating class member as described in the Settlement Agreement, Exhibit A [ECF 12-1].

   b. No later than fourteen (14) calendar days after the Effective Date, and in addition to the Settlement Payment to which Plaintiff Brian Pittman may be entitled, Defendants shall pay Plaintiff Brian Pittman One Thousand Five-Hundred and 00/100 Dollars ($1,500.00) for his role as named plaintiff and class representative.

   c. No later than fourteen (14) days after the Effective Date, Defendants shall tender the first $20,000 of Attorney Fees to Plaintiff's counsel.

    d.   No later than forty-five (45) calendar days after the payment described in Section 9(c) of this Order is made, Defendants shall tender the remaining $10,000 of Attorney Fees to Plaintiff's counsel.

10. The Settlement Agreement is incorporated into this Order and shall become effective when Finality is achieved. Accordingly, each and every Member of the Class except Excluded Class Members hereby compromises, settles, and releases each and every Released Claim against the Defendants, as set forth in the Settlement Agreement.

11. Class Counsel and the Class Representative adequately represented the best interests of the Class for purposes of negotiating, entering into, and implementing the Settlement.

12. This Action and every Released Claim (including all individual claims and Class-wide claims presented thereby) is hereby dismissed on the merits and with prejudice, without fees or costs to any Party except as provided in the Settlement Agreement and as adopted and ordered by the Court in this Order.

13. Without affecting the finality of this Order for purposes of appeal, the Court retains jurisdiction as to all matters relating to the administration, implementation, consummation, enforcement, and interpretation of this Settlement Agreement and this Order, and for any other necessary purpose.

14. There were no timely objections to the Settlement.

15. This Order adjudicates all of the claims, rights and liabilities of the Parties to the Settlement, and is intended to be final and immediately appealable.

                                                       s/ *Michael R. Barrett*
                                                       United States District Judge